Joseph R. Manning, Jr. (State Bar No. 223381)
Michael J. Manning (State Bar No. 286879)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Marc E. Dann (*pro hac vice* to be filed)
Emily White (*pro hac vice* to be filed)
The Dann Law Firm Co., LPA
P.O. Box 6031040
Cleveland, OH 44103
Office: (216) 373-0539

Thomas A. Zimmerman, Jr. (*pro hac vice* to be filed)
Sharon A. Harris (*pro hac vice* to be filed)
Zimmerman Law Offices, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602
Office: (312) 440-0020

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual; JAMES RUTHERFORD, an individual; and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>THE RESORT AT PELICAN HILL LLC, a Delaware limited | Case No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA UNRUH CIVIL RIGHTS ACT** |

**CLASS ACTION COMPLAINT**

1

liability company; and DOES 1 to 50, inclusive,

DEFENDANTS.

**JURY TRIAL DEMANDED**

Judge:  Hon.

Trial Date: None Set

Plaintiffs Patricia Filardi and James Rutherford (collectively, "Plaintiffs") on behalf of themselves and the proposed class (defined below) bring this action against The Resort at Pelican Hill LLC ("Pelican Hill" or "Defendant"):

## **INTRODUCTION**

1. Plaintiffs are mobility-impaired and require information about the accessibility of hotels and hotel rooms to independently make hotel reservations.  Defendant maintains its reservations systems, including but not limited to those offered to the public on its website PelicanHill.com (the "Website") in such a way that the Website contains access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full, equal and independent access to the reservations services offered by Defendant.  Defendant's denial of full, equal and independent access to its reservations services, and therefore its products and services offered thereby, is a violation of the rights of Plaintiffs under the Americans with

**CLASS ACTION COMPLAINT**

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq.*, and under the California Unruh Civil Rights Act, California Civil Code § 51, *et seq.*, ("Unruh Act").

2.  For more than 27 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full, equal and independent access to the goods, services and facilities provided by hotel owners and operators.

3.  However, the hospitality industry has been slow to respond, or as here, has failed to respond, to the needs of disabled travelers.

4.  In response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking ("NPRM"), 73 FR 34508 (June 17, 2008).

5.  After a notice and comment period, with input from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) including detailed requirements for equally accessible hotel reservations services.

6.  The DOJ requires that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary "to ensure

**CLASS ACTION COMPLAINT**

3

that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms" and that they must "identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs."* 28 C.F.R. § 36.302(e)(1)(i)-(ii) (*emphasis added*).

7.   The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register.   While the Final Rule generally took immediate effect, the hotel reservations component did not.   The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms."   Accordingly, to accommodate the needs of the industry, the hotel reservations requirements of 28 C.F.R. § 36.302(e)(1) did not become

**CLASS ACTION COMPLAINT**

effective until after an 18-month transition period, or until March 15, 2012. 28 C.F.R. § 36.302(e)(3).

8.  The ADA's hotel reservations requirements have now been in effect for **six (6) years**.  Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever.

9.  Defendant presents an egregious example of the problem sought to be addressed by the ADA and the DOJ.

10. The Website invites the public to make hotel reservations but lacks any information about the presence of accessible rooms, the features of accessible rooms, or the accessibility of any aspect of the resort. In contrast, the Website includes, among other information, a comprehensive "Drone Policy" setting forth the circumstances under which guests may use "Unmanned Aerial Systems".

11. Plaintiffs accordingly seek statutory damages where available, declaratory relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and injunctive relief requiring Defendant to comply with the ADA and the Unruh Act by providing individuals with disabilities the ability to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible

rooms, including the identification and description of the accessible features in Defendant's hotels and guest rooms in sufficient detail to ensure that individuals with disabilities receive the information they need to independently assess whether a given hotel or guest room meets his or her accessibility needs.

## JURISDICTION

12. This Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. § 12188 for Plaintiffs' claims arising under the ADA.

13. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' pendent claims under the Unruh Act.

## VENUE

14. Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

15. Plaintiffs each reside in Riverside County, California.

16. Plaintiff Filardi is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side. She is substantially limited in performing one or more

---

**CLASS ACTION COMPLAINT**

major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. She uses a wheelchair at all times for mobility and life functions. At all relevant times and prior to instituting this action, she has a "qualified disability" under the ADA. She is a holder of a Disabled Person Parking Placard.

17. Plaintiff Rutherford has spinal stenosis aggravated by a herniated disc. Mr. Rutherford also has an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects. As a result of his physical impairments, he is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. He uses a mobility device, including when necessary, a rollator walker or wheelchair. He is further substantially limited in performing one or more other major life activities, including but not limited to the ability to grab, twist, and turn objects such as door handles. At all relevant times and prior to instituting this action, he has had a "qualified disability" under the ADA. He is also a holder of a Disabled Person Parking Placard.

18. Plaintiffs require information about the accessibility of Defendant's hotel and guest rooms and accessible hotel features offered by Defendant, if any,

to fully, equally and independently access the goods, services and facilities provided by Defendant.

19. Plaintiffs have each visited the Website and were unable to locate any information regarding the accessibility of the hotel and guest rooms by the mobility impaired, any accessible features of accessible rooms, or the accessibility of any aspect of the resort by the mobility impaired.

20. Plaintiffs are testers in this litigation and also consumers who intend to return to the Website for the dual purpose of ensuring that Defendant ceases evading its responsibilities under federal and state law and using Defendant's Website and online reservations system to make a reservation provided that they can assess independently whether the hotel and any of its guest rooms (including bungalows and villas), meets his or her accessibility needs. Through this litigation, Plaintiffs seek to obtain full, equal, and independent access to Defendant's reservations services in the manner required by state and federal law.

21. Defendant is a Delaware limited liability company with its principal office located in Newport Beach, California. Defendant owns and operates the hotel known as The Resort at Pelican Hill. The Resort at Pelican Hill constitutes a place of public accommodation. Defendant also provides the

---

**CLASS ACTION COMPLAINT**

Website to the public.  The Website provides access to the array of services, including descriptions of The Resort at Pelican Hill, its guest rooms (including bungalows and villas), and hotel services, the ability to make reservations, and many other benefits related to these facilities and services. The Resort at Pelican Hill is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7), and is likewise a "business establishment" within the meaning of the Unruh Act.  The Website is a service, privilege, and advantage of Defendant's hotel location and services. The Website is a service that is provided by, and integrated with, The Resort at Pelican Hill.

## FACTUAL ALLEGATIONS

22. As part of its operations, Defendant provides the public with access to reservations services, including but not limited to the ability to make reservations online at the Website.

23. Within the applicable limitations period, Plaintiffs visited the Website to view the accessible features in the hotel and guest rooms (including bungalows and villas) at The Resort at Pelican Hill.

24. From the Website, Plaintiffs were unable to locate any information regarding the presence or absence of any accessible guest rooms or other

---

accessibility information at The Resort at Pelican Hill.

25. An investigation performed on Plaintiffs' behalf confirmed the allegations made by Plaintiffs above.

## **CLASS ALLEGATIONS**

26. Plaintiffs seek certification of the following nationwide Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2): "all individuals whose mobility is impaired and are considered to have a physical disability, as that term is defined in 42 U.S.C. § 12102, who have been, or who will in the future be, denied full and equal access to the reservations services offered via PelicanHill.com to consumers because the Website fails to provide information regarding the accessibility of the hotel and guest rooms by the mobility impaired, any accessible features of accessible rooms, or the accessibility of any aspect of the resort by the mobility impaired."

27. Plaintiffs seek certification of the following statewide California Subclass pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2): "all California residents whose mobility is impaired and are considered to have a physical disability, as that term is defined in 42 U.S.C. § 12102, who have been, or who will in the future be, denied full and equal access to the reservations services offered via PelicanHill.com to consumers because the Website fails to

**CLASS ACTION COMPLAINT**

provide information regarding the accessibility of the hotel and guest rooms by the mobility impaired, any accessible features of accessible rooms, or the accessibility of any aspect of the resort by the mobility impaired."

28. Numerosity:   The persons in the Class and California Subclass are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

29. Typicality:   The claims of the named Plaintiffs are typical of those of the Class and California Subclass because all class members have been and continue to be adversely affected by Defendant's exclusionary conduct described herein, and the claims of the named Plaintiffs and all class members are based on the same legal theories and proof of Defendant's inaccessible reservations systems found at PelicanHill.com.

30. Common Questions of Fact and Law:   The action involves common questions of fact and law including, but not limited to: (a) whether the Website contains any information regarding the accessibility of the hotel and guest rooms by the mobility impaired, the features of accessible rooms, or the accessibility of any aspect of the resort by the mobility impaired; (b) whether the lack of accessibility information on the Website is a violation of the ADA; (c) whether the lack of accessibility information on the

Website is a violation of the Unruh Act; (d) whether statutory damages are warranted; (e) whether declaratory relief should be granted; and (f) whether injunctive relief is warranted and the scope of same.

31. The case arises out of Defendant's common policy and practice of operating a reservations system via PelicanHill.com that does not provide full and equal access for the mobility impaired.

32. <u>Adequacy of Representation</u>:   The named Plaintiffs will fairly and adequately represent the interests of the members of the Class and California Subclass because: (1) Plaintiffs are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) Plaintiffs' interests are not antagonistic to those of the other class members; and (3) Plaintiffs are represented by counsel experienced in litigating complex class actions.

33. Class treatment is in the public interest. The public has an interest in ensuring disabled consumers are included in all aspects of the economy and that they receive the information they need to benefit from the services offered by places of lodging.

34. Nationwide class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds

**CLASS ACTION COMPLAINT**

generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

35. <u>Predominance</u>. Certification of the Class and California Subclass is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over questions affecting only individual class members.

36. <u>Superiority</u>. Certification of the Class and California Subclass is also appropriate under Fed. R. Civ. P. 23(b)(3) because it is superior to other available methods for the fair and efficient adjudication of this litigation. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of this litigation to establish Defendant's liability.

37. Individualized litigation would increase the delay and expense to all parties and would multiply the burden on the judicial system presented by the legal and factual issues of this case. Individualized litigation would also present the potential for inconsistent or contradictory judgments. In contrast, the class action device would present far fewer management difficulties and would provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court on the issue of Defendant's

**CLASS ACTION COMPLAINT**

liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION

**(Violation of Title III of the Americans with Disabilities Act)**
**(42 U.S.C. § 12101, *et seq.*)**
**(Injunctive Relief on Behalf of Plaintiffs and the Nationwide Class)**

38. Plaintiffs incorporate by reference each and every allegation herein.

39. Plaintiffs bring this claim individually and on behalf of the nationwide Class.

40. Plaintiffs are individuals with disabilities under the ADA.  42 U.S.C. § 12102(1)(A).

41. Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

42. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.  42 U.S.C. § 12182(a).

---

**CLASS ACTION COMPLAINT**

43. Defendant provides the Website to customers for various purposes including for the purpose of making reservations.

44. For reservations systems in use since March 15, 2012, Defendant must meet the following requirements:  a)  With respect to reservations made by any means, "modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms"; and b) "Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  28 CFR § 36.302(e) (1)(i)-(ii).

45. Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that its reservations service in use at the Resort at Pelican Hill is readily accessible to, and usable by, individuals with disabilities during the same hours and in the same manner as individuals who do not need accessible rooms, by failing to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with

disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

46. By failing to provide accessible reservations services, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation: a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels; b) failing to provide individuals with mobility disabilities equal access to goods, services or facilities; c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability, or (ii) perpetuating the discrimination of others who are subject to common administrative control; and d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

47. Defendant's ongoing and continuing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to the Plaintiffs and Class.

**CLASS ACTION COMPLAINT**

48. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

**(Violation of the California Unruh Civil Rights Act)**
**(Cal. Civ. Code §§ 51-52)**
**(Injunctive Relief and Damages on Behalf of the California Subclass)**

49. Plaintiffs incorporate by reference each and every allegation herein.

50. Plaintiffs bring their claims individually and on behalf of the California Subclass.

51. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

52. Defendant's Resort at Pelican Hill is a hotel providing lodging to the general public in California and is a business establishment within the jurisdiction of the state of California. As such, Defendant is obligated to comply with the provisions of the Unruh Act, California Civil Code § 51, *et seq.*

53. The Unruh Act provides, *inter alia*, that a violation of the ADA, 42 U.S.C. § 12101, *et seq.*, also constitutes a violation of the Unruh Act. Cal. Civ.

Code § 51(f).

54. Defendant's discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title III of the ADA and, therefore, also violates the Unruh Act. Cal. Civ. Code § 51(f).

55. The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, *et seq.* Plaintiffs are aware of Defendant's unlawful actions, and their knowledge of this discrimination has deterred them from attempting to access and use Defendant's reservation services and hotels. Therefore, Plaintiffs are entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

56. Plaintiffs and the California Subclass are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a). Thus, Plaintiffs request relief as set forth below.

## THIRD CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiffs and the Nationwide Class)

57. Plaintiffs incorporate by reference each and every allegation herein.

58. An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendant denies, that by failing to provide a reservations service through PelicanHill.com that allows persons with mobility impairments to independently identify accessible features of Defendant's hotel and independently reserve accessible rooms, Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

59. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly. Thus, Plaintiffs request relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and relief as follows:

(a) Certification of the nationwide Class and the California Subclass, naming Plaintiffs as the representatives of the nationwide Class and the California Subclass and designating counsel for Plaintiffs as counsel for the nationwide Class and the California Subclass;

(b) Granting a permanent injunction pursuant to the ADA and the Unruh

Act, requiring Defendant to take the steps necessary to ensure that Defendant's reservations services found on its Website (PelicanHill.com) allow persons with mobility impairments to independently identify accessible features of Defendant's Resort and guest rooms (including bungalows and villas) at Pelican Hill and independently reserve accessible rooms in those hotels;

(c)    Entry of a declaration that since March 15, 2012, Defendant has and continues to discriminate against persons with mobility impairments by failing to ensure that Defendant's reservations services found on its Website (PelicanHill.com) allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and guest rooms (including bungalows and villas), and independently reserve accessible rooms in those hotels, in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.* and California's Unruh Act, California Civil Code §§ 51-52;

(d)    Awarding applicable statutory damages pursuant to California Civil Code § 52(a);

(e)    Awarding Plaintiffs reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188, California Civil Code § 52, and

**CLASS ACTION COMPLAINT**

California Civil Code § 54.3; and

(f)     For such other and further relief as the Court deems just and proper.

## **TRIAL BY JURY**

Plaintiffs are entitled to and hereby demand a trial by jury.

Plaintiffs PATRICIA FILARDI, JAMES
RUTHERFORD, individually and on behalf
of all others similarly situated,

By:  /s/ Joseph R. Manning, Jr.

Joseph R. Manning, Jr. (State Bar No. 223381)
Michael J. Manning (State Bar No. 286879)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Marc E. Dann (*pro hac vice* to be filed)
Emily White (*pro hac vice* to be filed)
The Dann Law Firm Co., LPA
P.O. Box 6031040
Cleveland, OH 44103
Office: (216)-373-0539

Thomas A. Zimmerman, Jr., (*pro hac vice* to be filed)
Sharon A. Harris (*pro hac vice* to be filed)
Zimmerman Law Offices, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602
Office: (312) 440-0020

Attorneys for Plaintiffs

**CLASS ACTION COMPLAINT**