SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendant,
THE RESORT AT PELICAN HILL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA FILARDI, an individual; JAMES RUTHERFORD, an individual; and on behalf of all others similarly situated,<br><br>    PLAINTIFFS,<br><br>    vs.<br><br>THE RESORT AT PELICAN HILL LLC, a Delaware limited, liability company; and DOES 1 to 50, inclusive,<br><br>    DEFENDANTS. | Case No. 8:18-cv-00560-CJC-KES<br>Honorable Cormac J. Carney<br><br>**DEFENDANT THE RESORT AT PELICAN HILL, LLC'S ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Action Filed:  April 3, 2018<br>Trial Date:  None Set |

Defendant The Resort at Pelican Hill LLC ("Defendant"), in answer to plaintiffs Patricia Filardi and James Rutherfords' ("Plaintiffs") Complaint, admit, deny, and allege as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiffs are mobility-impaired, and on that basis, denies the allegation. Defendant admits only that it operates a website located at http:/www.PelicanHill.com and that the subject website speaks for itself. As to the remaining allegations Defendant denies all of them.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant admits only that it has a "Drone Policy" setting forth circumstances under which guests may use "Unmanned Aerial Systems." Defendant denies each and every remaining allegation.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## VENUE

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

/ / /

/ / /

16. In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

22. In response to Paragraph 22 of the Complaint, Defendant admits that it provides the public with access to reservations services, including but not limited to the ability to make reservations online at the Website. Defendant denies each and every other allegation.

23. In response to Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

/ / /

/ / /

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

## CLASS ALLEGATIONS

26. In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FIRST CAUSE OF ACTION

**(Violations of the Americans with Disabilities Act)**
**(42 U.S.C. § 12101 *et seq.*)**
**(Injunctive Relief on Behalf of Plaintiffs and the Nationwide Class)**

38. In response to Paragraph 38 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 37 of this Answer as set forth above.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendant admits it provides the Website to customers for various purposes including for the purpose of making reservations. Defendant denies each and every remaining allegation.

44. In response to Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45. In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION
### (Violations of the California Unruh Civil Rights Act)
### (Injunctive Relief and Damages on Behalf of the California Subclass)

49. In response to Paragraph 49 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 48 of this Answer as set forth above.

50. In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54. In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation.

55. In response to Paragraph 55 of the Complaint, Defendant denies each and every allegation.

56. In response to Paragraph 56 of the Complaint, Defendant denies each and every allegation.

## THIRD CAUSE OF ACTION

**(Declaratory Relief on Behalf of Plaintiffs and the Nationwide Class)**

57. In response to Paragraph 57 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 56 of this Answer as set forth above.

58. In response to Paragraph 58 of the Complaint, Defendant denies each and every allegation.

59. In response to Paragraph 59 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiffs' causes of actions and claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiffs lack standing to pursue their alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiffs lack standing to pursue their alleged claims because, among other reasons, they are not bona fide patrons, they never attempted to access Defendant's website (and/or mobile applications), and/or they do not intend to access Defendant's website (and/or mobile applications) in the future. Indeed, Plaintiffs do not even allege that they attempted to access Defendant's website (and/or mobile applications) on a particular date or explain what problem they allegedly encountered.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiffs' claims are barred to the extent they are based on visits to the subject website (and/or mobile applications) beyond the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4. The alleged barriers provide effective access to Plaintiffs. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website (and/or mobile applications) nonetheless provided effective access to Plaintiffs because any alleged

-8-

noncompliance as alleged in the Complaint was *de minimis*, the website (and/or mobile applications) was usable and accessible despite its alleged noncompliance, and/or Plaintiffs were able to use and access Defendant's website (and/or mobile applications).

### FIFTH AFFIRMATIVE DEFENSE
(Defendant Provided Services Via Alternative Methods)

5.  Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiffs' alleged disability by providing access via alternative methods but Plaintiffs never asked for or sought any assistance.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

6.  Plaintiffs' claims are barred under the doctrine of unclean hands since Plaintiffs are not bona fide patrons, but serial plaintiffs who filed this lawsuit to try to extort a monetary settlement.

### SEVENTH AFFIRMATIVE DEFENSE
(Technically Infeasible)

7.  Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

### EIGHTH AFFIRMATIVE DEFENSE
(Undue Burden)

8.  Insofar as Defendant has not made changes to its website (and/or mobile applications), which Plaintiffs contend should have been made as alleged in the Complaint, those changes were and are not required under federal, or California

law, and any requirements to make those changes would impose an undue burden on Defendant.

### NINTH AFFIRMATIVE DEFENSE
(Reasonable Modifications to Policies, Practices and Procedures)

9.  Plaintiffs' claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiffs' alleged disability but Plaintiffs never asked for or sought assistance.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

10.  Plaintiffs failed to properly mitigate their alleged damages and are purposefully accessing or alleging to be deterred from accessing Defendant's website (and/or mobile applications) in order to improperly stack their damages and therefore are precluded from recovering those alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE
(Fundamental Alteration)

11.  Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

### TWELFTH AFFIRMATIVE DEFENSE
(Removal of Access Barriers Was Not Readily Achievable)

12.  Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

13. The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiffs were for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disability or other asserted protected status.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

14. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Mootness)

15. Plaintiffs' claims are barred under the doctrine of mootness because Defendant's website (and/or mobile applications) complies with all applicable standards, if any exist, and/or , the website (and/or mobile applications) is usable and accessible to persons with a vision disability, including Plaintiffs, and/or Plaintiffs are able to use and access Defendant's website (and/or mobile applications).

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Equivalent Facilitation)

16. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Claims Subject to Arbitration)

17. Each of Plaintiffs' claims are subject to a mandatory and binding arbitration provision set forth in Defendants' terms and conditions. Plaintiffs agreed to abide by Defendant's terms and conditions, including the mandatory arbitration provision, when they utilized Defendant's services.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Forum Non Conveniens)

18. Plaintiffs' claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

### NINETEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

19. Plaintiffs' claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

### TWENTIETH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

20. Plaintiffs' claims are barred and/or subject to transfer in whole or in part under the doctrine of primary jurisdiction. The Department of Justice has yet to promulgate any standards and/or regulations governing the use of websites and/or mobile applications.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Effective Communication)

1. Plaintiff's claims are barred because Defendant effectively communicated with Plaintiff through the use of auxiliary aids and services.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Irreparable Injury And/Or Adequate Remedy At Law)

2. Plaintiff's claim for injunctive and other equitable relief is barred because he will

-12-

not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because he has an adequate and complete remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Content on the Website is Provided by Another Information Content Provider)

3. Plaintiff's claims are barred pursuant to 47 U.S.C. § 230, a Provision of the Communication Decency Act, as content on the website is provided by another information content provider.

### TWENTY-FORTH AFFIRMATIVE DEFENSE
(Ripeness)

4. Plaintiff's claims are not yet ripe for adjudication.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Due Process)

5. Plaintiff's claims are barred because they violate Defendant's right to due process of law under the United States and California Constitutions.

### PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by way of their Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: April 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
THE RESORT AT PELICAN HILL LLC

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: April 20, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ *Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
THE RESORT AT PELICAN HILL, LLC

-14-

SMRH:485924690.2

DEFENDANT THE RESORT AT PELICAN HILL, LLC'S
ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL