Joseph R. Manning, Jr. (State Bar No. 223381)
Michael J. Manning (State Bar No. 286879)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Marc E. Dann (admitted *pro hac vice*)
Emily White (admitted *pro hac vice*)
The Dann Law Firm Co., LPA
P.O. Box 6031040
Cleveland, OH 44103
Office: (216) 373-0539

Thomas A. Zimmerman, Jr. (admitted *pro hac vice*)
Sharon A. Harris (admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602
Office: (312) 440-0020

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual; JAMES RUTHERFORD, an individual; and on behalf of all others similarly situated, <br><br> PLAINTIFFS, <br><br> vs. <br><br> THE RESORT AT PELICAN HILL LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive, <br><br> DEFENDANTS. | Case No. 8:18-cv-00560-CJC-KES <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** <br><br> Judge: Hon. Cormac J. Carney <br><br> Trial Date: None Set |

# MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COME Plaintiffs PATRICIA FILARDI and JAMES RUTHERFORD, ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and pursuant to Fed. R. Civ. P. 12(f), respectfully request that this Court strike Defendant THE RESORT AT PELICAN HILL, LLC's ("Defendant") affirmative defenses. In support thereof, Plaintiffs state:

## I. LEGAL STANDARD.

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), "[a] defense that would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Taylor v. Stave, Inc.*, Case No. CV 15-4190-FMO, 2016 WL 6674987, at *1 (C.D. Cal. Jan. 4, 2016) (*citing Nevada Fair Housing Center, Inc. v. Clark County*, 565 F.Supp.2d 1178, 1187 (D. Nev. 2008)). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Castillo v. Bank of Am. Nat'l Ass'n*, Case No. SA CV 17-0580-DOC, 2018 WL 1409314, at *3 (C.D. Cal. Feb. 1, 2018) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id.* (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *see* Fed. R. Civ. P. 8(b)(1)(A). In determining whether an affirmative defense gives fair notice of the defense, the heightened pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply. *Id.* (citing *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, *4 (N.D. Cal. 2012) ("While district courts have split on the issue, most have found that the heightened pleading standard does apply to affirmative defenses.")); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, *8 (N.D. Cal. 2012) ("a defense need not include extensive factual allegations in order to give fair notice, [but] bare statements reciting mere legal conclusions may not be sufficient") (citation omitted).

Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the case at bar, it is insufficient and will not withstand a motion to strike. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, Case No. EDCV 11-197 RSWL, 2011 WL 3809933, at *1 (C.D. Cal. Aug. 25, 2011) (citing *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (C.D.Cal.2004)).

A court may also strike a matter in an answer that is immaterial or impertinent. Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential

or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.*

## II. ARGUMENT.

In response to Plaintiffs' Complaint that raises claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the California Unruh Civil Rights Act ("Unruh"), California Civil Code § 51, *et seq.*, Defendant raises twenty five (25) affirmative defenses in its Answer. *See Answer to the Class Action Complaint* ("*Answer*"), Dkt. 20. Almost all of Defendant's affirmative defenses consist of a single sentence that simply claims that Plaintiffs' claims are barred by the defense raised. Defendant's affirmative defenses lack any factual allegations or even a recitation of the elements of each claim, and amount to mere bare bones conclusory allegations. Therefore, the Court should strike all of Defendant's affirmative defenses.

Defendants' first affirmative defense contends that Plaintiffs lack standing to bring their claims against Defendant because they are not "bona fide patrons, [] never attempted to access Defendant's website . . . and/or [] do not intend to access Defendant's website [] in the future." *See Answer*, at p. 8. However, contrary to Defendant's claim, the Ninth Circuit has made clear that individuals with

disabilities may pursue claims for violations of the Americans with Disabilities Act under the "tester standing" doctrine. *See Civil Rights Educ. and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1102 (9th Cir. 2017) ("The Named Plaintiffs' status as ADA testers thus does not deprive them of standing."). As such, Plaintiffs have standing to bring their claims against Defendant.

Defendant's second affirmative defense is a threadbare allegation that "Plaintiffs' claims are barred to the extent that they are based on visits to the subject website (and/or mobile applications) beyond the Statute of Limitations." *Answer* at p. 8. Defendant does not provide any factual basis for the affirmative defense. Instead, it is a mere conclusory allegation that claims may be barred by the statute of limitations, and does not comply with the pleading requirements of Fed. R. Civ. P. 8(a). As such, Defendant's second affirmative defense should be stricken.

Defendant's third affirmative defense is that the complaint fails to state a claim for relief. *See Answer*, at p. 8. However, the argument that a complaint fails to state a claim for relief is not an affirmative defense, but rather should be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Figueroa v. Marshalls of CA, LLC*, Case No. CV-11-06813-RGK, 2012 WL 1424400, at *3 (C.D. Cal. April 23, 2012). Further, Defendant's third affirmative

defense is devoid of any allegations setting forth the purported deficiencies of the Complaint. Therefore, the Court should strike the third affirmative defense.

Defendants' fourth affirmative defense claims that Defendant's website "provided effective access to Plaintiffs" because the barriers to access were "*de minimis*" and Defendant's website was "usable and accessible." *See Answer*, at pp. 8-9. Again, Defendant fails to allege any legal basis for the defense, state what types of effective access were provided, or provide any factual allegations to support the claim. *See Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 568 (S.D. Cal. 2012) (striking the defendant's "Effective Access" affirmative defense because the defendant did not identify the legal basis for the defense or the type of effective access and alterations that form the grounds of the defense). As such, the Court should strike Defendant's fourth affirmative defense.

Defendant's fifth affirmative defense contends that "defendant was ready and willing to accommodate Plaintiffs' alleged disability by providing access via alternative methods[,] [sic] but Plaintiffs never asked for or sought any assistance." *See Answer* at p. 9. First, Defendant does not provide any support for what "alternative methods" were able to be provided to Plaintiffs. Second, the willingness to provide alternative methods to a barrier is not a defense to an ADA claim alleging a discriminatory practice. *See Kohler v. Staples the Office*

*Superstore, LLC*, 291 F.R.D. 464, 471-72 (S.D. Cal. 2013) (stating that the ADA does not require intentional discriminatory conduct).

Defendant's sixth affirmative defense is that Plaintiffs' claims are barred by the doctrine of unclean hands. *See Answer*, at p. 9. Defendant contends that Plaintiffs have unclean hands because they "are not bona fide patrons, but serial plaintiffs who filed this lawsuit to try to extort a monetary settlement." *See id.* However, contrary to Defendant's claim, as noted above, the Ninth Circuit permits individuals who are disabled to pursue these claims under the "tester standing" doctrine. *See Civil Rights Educ. and Enforcement Center*, 867 F.3d at 1102. Further, unclean hands is not an affirmative defense to a claim arising under the ADA. *See Doe v. Deer Mountain Day Camp, Inc.*, 682 F.Supp.2d 324 (S.D.N.Y. 2010) (citing *McKennon v. Nashville Banner Publ'q Co.*, 513 U.S. 352, 360 (1995)).

Defendant's seventh affirmative defense is that full compliance with the ADA and Unruh is "technically infeasible." *See Answer* at p. 9. However, again, Defendant does not provide any factual basis for the claim that modification of Defendant's *website* is technically infeasible. Further, the "technically infeasible" alteration doctrine is only a defense to architectural—*i.e.* physical—barriers. *See* 28 C.F.R. § 36.304. As such, the seventh affirmative defense should be stricken.

Defendant's eighth affirmative defense contends that any changes to its website to accommodate Plaintiffs and Class members are not required under either federal (*i.e.*, the ADA) or California (*i.e.*, Unruh) law, and therefore impose an undue burden on Defendant. *See Answer*, at pp. 9-10. However, this "undue burden" affirmative defense is merely a repacking of Defendant's failure to state a claim affirmative defense from a different angle. Defendant's claim in the eighth affirmative defense is that its website did not violate either the ADA or Unruh, which is a mere denial of Plaintiffs' claims. *See Figueroa*, 2012 WL 142440 at *3. Further, Defendant does not provide any basis for how changing its website presents such a massive undertaking as to be an undue burden on Defendant. As such, Defendant's eighth affirmative defense should be stricken because it is not an affirmative defense.

Defendant's ninth affirmative defense contends that Defendant is not liable because "Plaintiffs never asked for or sought assistance." *See Answer*, at p. 10. However, Plaintiffs were not required to request that Defendant change its website to allow Plaintiffs to make reservations. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000) (finding that there is no notice requirement in the ADA).

Defendant's tenth affirmative defense posits that Plaintiffs' claims are barred because they "failed to properly mitigate their alleged damages. . . ." *See Answer*,

at p. 10. First, it is unclear how Plaintiffs could have mitigated their damages, and, as such, Defendant does not include any factual allegations in support of that claim. Second, while Defendant contends that Plaintiffs purposefully accessed Defendant's website to verify if it complied with the ADA and Unruh, Plaintiffs are allowed to visit Defendant's website to verify if it complies with the ADA and Unruh under the "tester standing" doctrine. *See Civil Rights Educ. and Enforcement Center*, 867 F.3d at 1102. As such, the Court should strike Defendant's tenth affirmative defense.

Defendant's eleventh affirmative defense simply claims that "fixing the barriers alleged in the Complaint would . . . result in a fundamental alteration of Defendant's services." *See Answer*, at p. 10. However, Defendant does not provide any factual support for the claim—nor could it—that changing its website to allow individuals with disabilities to make reservations for accessible rooms would "fundamentally alter[]" the services that Defendant provides as a hotel that allows patrons to make reservations on its website. As such, the Court should strike Defendant's eleventh affirmative defense.

Defendant's twelfth affirmative defense contends that "removal of the alleged barriers . . . [is] not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense . . . ." *See Answer*, at p. 10. However, the "readily achievable" defense to the ADA only applies to structural or

architectural barriers, and not to the discriminatory practices that are alleged in the Complaint. *See* 42 U.S.C. § 12182(b)(2)(A). Moreover, Defendant does not provide any factual support for how providing additional information and access on its website is not readily achievable. As such, the Court should strike Defendant's twelfth affirmative defense.

Defendant's thirteenth affirmative defense is that Defendant had "legitimate, non-discriminatory business reasons" to not provide Plaintiffs or Class members information or access to reserving accessible rooms on Defendant's website. *See Answer*, at p. 11. Not only does Defendant not provide any support for the claim, but the "business justification" defense is only applicable to Title II ADA claims and claims arising under the Age Discrimination in Employment Act, neither of which are alleged in the Complaint. *See Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1070 (5th Cir. 1995).

Defendant's fourteenth affirmative defense claims that Defendant is not liable because it "acted reasonably and in good faith." *See Answer*, at p. 11. However, not only is the affirmative defense not supported by any facts, but it also is not legally sufficient because good faith is not an affirmative defense to a claim under the ADA or Unruh. *See Staples the Office Superstore, LLC*, 291 F.R.D. at 471-72; *Lentini v. California Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004).

Defendant's fifteenth affirmative defense contends that Plaintiffs' claims are moot because Defendant "complies with all applicable standards." *See Answer*, at p. 11. This claim is not an affirmative defense, but instead is merely a denial of the allegations in the Complaint that Defendant's website violates the ADA and Unruh. As such, the affirmative defense should be struck. *See Figueroa*, 2012 WL 142440 at *3.

Defendant's sixteenth affirmative defense is that Defendant provided or was willing to provide Plaintiffs with "equivalent facilitation with respect to the barriers . . . ." *See Answer*, at p. 11. However, Defendant does not state what other types of facilitations were available, or how the alternatives were equivalent to making a reservation through Defendant's website. As such, the affirmative defense is not factually sufficient.

Defendant's seventeenth affirmative defense is that Plaintiffs' claims are subject to arbitration, as set forth in Defendant's "terms and conditions." *See Answer*, at p. 12. Defendant does not attach a copy of the terms and conditions of its website that allegedly require parties to arbitrate disputes with Defendant. Nor can it, as Defendant's website does not include any such provision. *See generally,* www.pelicanhill.com. Further, even if Defendant's website did include such a provision and it was legally enforceable, Defendant waived such a provision by filing its Answer to the Complaint and participating in this action. *See In re*

---
**MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**
11

*Toyota Motor Corp. Hybrid Brake Marketing, Sales, Practices, and Products Liability Litigation*, 828 F.Supp.2d 1150, 1163-64 (C.D. Cal. 2011). As such, the Court should strike the seventeenth affirmative defense.

Similarly, the Court should strike Defendant's eighteenth and nineteenth affirmative defenses, which raise *forum non conveniens* and improper venue, respectively. *See Answer*, at p. 12. Defendant has not provided any support why California is the improper venue or an inconvenient forum for a resort located within this District. As such, the eighteenth and nineteenth affirmative defenses should be stricken.

Defendant's twentieth affirmative defense contends that the United States Department of Justice has not promulgated any standards and/or regulations regarding the use of website. *See Answer*, at p. 12. Other than the claim, without support from any authority, that the Department of Justice has not promulgated any standards for websites, Defendant does not provide any support for why the court should apply the primary jurisdiction doctrine to this case. Moreover, courts have frequently denied applying the primary jurisdiction doctrine for claims arising under the ADA involving websites. *See Reed v. CVS Pharmacy, Inc.*, Case No. CV-17-3877-MWF, 2017 WL 4457508, at *6 (C.D. Cal. Oct. 3, 2017).

Defendant's twenty-first affirmative defense contends that Plaintiffs' claims are barred because "Defendant effectively communicated with Plaintiff [sic]

through the use of auxiliary aids and services." *See Answer*, at p. 12. Again, Defendant provides no support for how it effectively communicated with Plaintiffs, what auxiliary aids and services were used, or how those auxiliary aids and services defeats Plaintiffs' claims.

Defendant's twenty-second affirmative defense claims "Plaintiff's [sic] claim for injunctive and other equitable relief is barred because he [sic] will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because he [sic] has an adequate and complete remedy at law." *See Answer*, at pp. 12-13. Similar to the other affirmative defenses, Defendant does not provide any support for the claim. Moreover, whether Plaintiffs have an adequate legal remedy is merely a denial of Plaintiffs' claims, and not an affirmative defense. *See Kohler v. Bed Bath & Beyond of California, LLC*, Case No. CV-11-4451-RSWL, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012).

Defendant's twenty-third affirmative defense is that the "Plaintiff's [sic] claims are barred pursuant to 47 U.S.C. § 230, a Provision [sic] of the Communication Decency Act, as content on the website is provided by another information content provider." *See Answer*, at p. 13. First, Defendant does not provide any support for the affirmative defense, or even cite to any specific provision of the Communication Decency Act. Without any legal or factual

support for its claim, Plaintiffs cannot adequately respond to the affirmative defense. As such, it should be stricken.

Finally, Defendant's twenty-fourth and twenty-fifth affirmative defenses, ripeness and due process, respectively, should be stricken. Not only does Defendant not provide any support for the alleged defenses, but they are irrelevant, unintelligible, and not affirmative defenses. Plaintiffs' claims are ripe as they attempted to use Defendant's website, but were unable to due to Defendant's violation of the ADA and Unruh. *See* Complaint. These allegations are sufficient to confer standing on Plaintiffs under the "tester standing" doctrine. *See Civil Rights Educ. and Enforcement Center*, 867 F.3d at 1102. Further, Defendant had sufficient notice of the requirements of the ADA to provide access to individuals with disabilities. *See Reed*, 2017 WL 4457508, at *5-6 (striking an affirmative defense that alleged that the ADA claim violated the defendant's due process). As such, the twenty-fourth and twenty-fifth affirmative defenses should be stricken.

WHEREFORE, Plaintiffs PATRICIA FILARDI and JAMES RUTHERFORD pray that the Court enter an Order striking all of Defendant's affirmative defenses, and for any other relief deemed just under the circumstances.

Plaintiffs PATRICIA FILARDI, JAMES RUTHERFORD, individually and on behalf of all others similarly situated,

By: /s/ Joseph R. Manning, Jr.

MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
14

| | |
|---|---|
| 1 | Joseph R. Manning, Jr. (State Bar No. 223381) |
| 2 | Michael J. Manning (State Bar No. 286879) |
| 3 | MANNING LAW, APC |
|   | 4667 MacArthur Blvd., Suite 150 |
| 4 | Newport Beach, CA 92660 |
| 5 | Office: (949) 200-8755 |
|   | ADAPracticeGroup@manninglawoffice.com |
| 6 | |
| 7 | Marc E. Dann (admitted *pro hac vice*) |
|   | Emily White (admitted *pro hac vice*) |
| 8 | The Dann Law Firm Co., LPA |
| 9 | P.O. Box 6031040 |
|   | Cleveland, OH 44103 |
| 10 | Office: (216)-373-0539 |
| 11 | |
| 12 | Thomas A. Zimmerman, Jr., (admitted *pro hac vice*) |
|   | Sharon A. Harris (admitted *pro hac vice*) |
| 13 | Zimmerman Law Offices, P.C. |
|   | 77 W. Washington St., Suite 1220 |
| 14 | Chicago, IL 60602 |
| 15 | Office: (312) 440-0020 |
| 16 | Attorneys for Plaintiffs |

---

MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
15

## PROOF OF SERVICE

Joseph R. Manning, Jr., an attorney, hereby certifies that he caused the above and foregoing notice of motion to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, on this day May 14, 2018.

s/ Joseph R. Manning, Jr.