UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA FILARDI AND JAMES RUTHERFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE RESORT PELICAN HILL LLC and DOES 1-50,<br><br>Defendants. | Case No.: SACV 18-00560-CJC(KESx)<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs are mobility impaired and allege that they were denied full, equal and independent access to reservations offered by Defendant on its website, PelicanHill.com. (Dkt. 1 [Complaint, hereinafter "Compl."] ¶ 1.) On April 3, 2018, Plaintiffs brought a putative class action against Defendant for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. (*See generally id*.) Defendant

filed an Answer on April 20, 2018.  (Dkt. 20.)  Plaintiffs now move to strike all of Defendant's affirmative defenses.  (Dkts. 25, 26 [Memorandum of Points and Authorities, hereinafter "Mot."].)  For the following reasons, Plaintiffs' motion is DENIED.[1]

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits.  *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).  In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader.  *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).  "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *see New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Such motions should only be granted if the matter has no logical connection to the controversy at issue *and* may prejudice one or

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 18, 2018, at 1:30 p.m. is hereby vacated and off calendar.

more of the parties to the suit.") (internal quotation and citation omitted).

Plaintiffs' arguments blow the deficiencies in Defendant's affirmative defenses out of proportion. Although Defendant's affirmative defenses may be overbroad, this is a common feature of answering pleadings, which often adopt a "kitchen sink" approach to affirmative defenses. And while Plaintiffs argue that the *Twombly/Iqbal* heightened pleading standards apply to affirmative defenses, (Mot. at 3), the Ninth Circuit has not extended that pleading standard to affirmative defenses, and continues to apply the "fair notice" standard. *See, e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (quoting *Wyshak*, 607 F.2d at 827). The Court agrees with the numerous courts that have declined to extend the heightened pleading standard to affirmative defenses. Thus, the Court rejects Plaintiffs' arguments regarding the factual insufficiency of Defendant's affirmative defenses.

Additionally, the Court is at a loss to understand how parsing each of Defendant's affirmative actions will serve the stated purpose of motions to strike: to "streamline a judge's inquiry by focusing his or her attention on only the real issues in the case." *F.T.C. v. Swish Marketing*, No. C 09-03184 RS, 2010 WL 653486, at *6 (N.D. Cal. Feb. 22, 2010). Indeed, motions to strike portions of answering pleadings infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded or when they are more accurately described as negative defenses. As one court in the Northern District has explained,

> It is fairly common practice for parties answering complaints to attempt to err on the side of over-inclusion and to state, in almost laundry list fashion, as many "affirmative defenses" as possible, often in wholly conclusory form. On occasion, some of the "defenses" alleged may not even be true affirmative defense[s], but instead relate to elements of the plaintiff's claims.

> . . .
>
> [R]ote pleading of affirmative defenses, particularly in conclusory fashion, is not to be encouraged. That said, insufficiently pleaded affirmative defenses present significantly different issues than conclusory allegations in a complaint or even in a counterclaim or cross-complaint. Permitting a plaintiff to proceed on a conclusory or factually deficient complaint potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle the matter for its "nuisance value." In most cases, even the most conclusory affirmative defenses do not impose similar burdens. In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint. To determine the precise nature of the defendant's affirmative defenses, plaintiff will rarely need [to] do more than propound simple "state all facts" interrogatories.
>
> . . .
>
> Proceeding with a motion to strike [affirmative defenses] almost inevitably is a less efficient way of moving towards a resolution on the merits. Even if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances. While the defendant might then abandon at least some of the weaker defenses in some instances, most likely the amended pleading will still contain numerous affirmative defenses, which, even if stated with sufficient factual detail for pleading purposes, will still lead to a set of "state all facts" interrogatories.

*Facebook, Inc. v. ConnectU LLC*, No. C 07-01389(RS), 2007 WL 2349324, at **1–2 (N.D. Cal. Aug. 14, 2007) (denying motion to strike affirmative defenses because of the "countervailing interest in conserving resources of the parties and the [c]ourt"). Other district courts in this Circuit have adopted a similar attitude towards motions to strike affirmative defenses. *See Ransom v. Gonzalez,* No. CV 12-1512-CAS(MRWx), 2013 WL 1688317, at *2 (C.D. Cal. Apr. 16, 2013) (where defendant asserted "affirmative defenses that [we]re not affirmative defenses at all," nonetheless denying a motion to strike because the motion did "nothing to streamline the litigation of this action or eliminate spurious issues from consideration"); *McBurney v. Lowe's Home Centers, LLC,*

No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014) (concluding that there would be "no practical utility" in granting a motion to strike affirmative defenses "[e]ven if the [c]ourt [were] inclined to do so," since the defendant would be given an opportunity to amend and "another disfavored motion to strike" would likely follow; also expressing reluctance to "micro-manage the pleadings"); *Falash v. Inspire Aacdemics, Inc.*, No. 1:14-cv-00223-REB, 2015 WL 4656505, at *5 (D. Idaho Aug. 6, 2015) (denying motion to strike because striking the defense early would "do[] nothing to actually streamline the case").

Here, Plaintiffs have not explained how striking Defendant's affirmative defenses will streamline issues for trial. Plaintiffs make the conclusory argument that if Defendant's affirmative defenses are permitted to survive, Plaintiffs will be "required to conduct expensive and potentially unnecessary and irrelevant discovery." (Dkt. 27 at 3.) But Plaintiffs' assertion of this burden provides the Court no clarity regarding how Defendant's affirmative defenses will be burdensome going forward. And in light of Plaintiffs' motion, Defendant has withdrawn seven of its affirmative defenses. (*See* Dkt. 26 at 20.) Simply put, going through each of Defendant's remaining eighteen affirmative defenses to excise the imperfect portions would be a pointless exercise. The Court therefore finds itself in accord with other district courts that have questioned the utility of motions like these, and will DENY Plaintiffs' motion to strike.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is DENIED.

DATED:     June 5, 2018

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE