Joseph R. Manning, Jr. (State Bar No. 223381)
Michael J. Manning (State Bar No. 286879)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Marc E. Dann (admitted *pro hac vice*)
Emily White (admitted *pro hac vice*)
The Dann Law Firm Co., LPA
P.O. Box 6031040
Cleveland, OH 44103
Office: (216) 373-0539

Thomas A. Zimmerman, Jr. (admitted *pro hac vice*)
Sharon A. Harris (admitted *pro hac vice*)
Zimmerman Law Offices, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602
Office: (312) 440-0020

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual; JAMES RUTHERFORD, an individual; and on behalf of all others similarly situated,<br><br>        PLAINTIFFS,<br><br>vs.<br><br>THE RESORT AT PELICAN HILL LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,<br><br>        DEFENDANTS. | **Case No.  8:18-cv-00560-CJC-KES**<br><br>**Hon. Cormac J. Carney**<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiffs Patricia Filardi and James Rutherford ("Plaintiffs"), and The Resort Pelican Hill, LLC ("Defendant") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

## A.   STATEMENT OF THE CASE

Plaintiffs are mobility-impaired and require information about the accessibility of hotels and hotel rooms to independently make hotel reservations. Defendant maintains a hotel reservations system for The Resort at Pelican Hill on its website PelicanHill.com (the "Website"). Plaintiffs' Class Action Complaint ("Complaint") alleges that the Website contains access barriers preventing Plaintiffs, and other mobility-impaired individuals, from gaining full, equal and independent access to the reservations services offered by Defendant. The Website invites the public to make hotel reservations but lacks any information about the presence of accessible rooms, the features of accessible rooms, or the accessibility of any aspect of the resort.

Defendant denies the allegations in the Complaint.

## B.   LEGAL ISSUES

**Plaintiffs' Asserted Legal Issues:**

The Complaint asserts violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the California Unruh Civil Rights Act, Cal. Civ. Code. § 51, *et seq.* ("Unruh Act"); and seeks Declaratory Relief. Plaintiffs bring these claims individually, on behalf of a nationwide Class of similarly situated individuals, and on behalf of a California Subclass of similarly situated individuals, as defined in the Complaint.

The legal issues in this matter include the following:

- Whether the lack of information on the Website regarding information about the accessibility of hotels and hotel rooms denies Plaintiffs and putative

class members the full, equal, and independent access to its reservations services.

- Whether such lack of full, equal, and independent access is a violation of the rights of Plaintiffs under the ADA, 42 U.S.C. § 12181, *et seq.*

- Whether such lack of full, equal, and independent access is a violation of the rights of Plaintiffs under the Unruh Act.

- Whether the prerequisites of class certification are met.

**Defendant's Asserted Legal Issues:**

Defendant disputes all of Plaintiffs' factual and legal allegations.

## C.   DAMAGES

Plaintiffs seek 1) statutory damages as provided by Cal. Civ. Code § 52; 2) a declaration establishing that Defendant has engaged in violations of the ADA and the Unruh Act; 3) injunctive relief requiring Defendant to provide individuals with disabilities the ability to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, including the identification and description of the accessible features in Defendant's hotels and guest rooms in sufficient detail to ensure that individuals with disabilities receive the information they need to independently assess whether a given hotel or guest room meets his or her accessibility; and 4) attorneys' fees and costs, as provided by 42 U.S.C. § 12188, Cal. Civ. Code § 52, and Cal. Civ. Code §54.3.

## D.   INSURANCE

Plaintiff is not relying on any insurance to prosecute this action. Defendant represents it does not have any insurance coverage applicable to this action.

## E.   MOTIONS

**JOINT RULE 26(f) REPORT**

Defendant has filed an Answer to the Complaint and asserted affirmative defenses. (Doc. # 20). Plaintiffs filed a motion to strike Defendant's affirmative defenses (Doc. #25). Defendant withdrew several affirmative defenses, and Plaintiffs' motion to strike was denied as to the remaining affirmative defenses. (Doc. #28).

Plaintiffs anticipate, after discovery has been completed, filing a Motion for Class Certification, and a Motion for Summary Judgment. The Court previously granted Plaintiffs relief from Local Rule 23-3. (Doc. #31).

Defendant anticipates bringing a Motion for Summary Judgment.

**F.   COMPLEXITY**

The parties agree the Manual for Complex Litigation does not need to be utilized at this stage of the litigation.

**G.   STATUS OF DISCOVERY**

The parties agree to exchange initial disclosures on or before August 24, 2018.

Defendant has prematurely served interrogatories and a request for production of documents. Plaintiffs object to the service of the interrogatories as being premature because the Parties had not yet held their Rule 26(f) conference. Pursuant to Rule 26(d)(2), the request for production of documents will be deemed served as of the date of the Rule 26(f) conference. Counsel for Defendant has represented that the interrogatories will be re-served now that the Rule 26(f) conference has occurred.

Plaintiffs are prepared to serve interrogatories and document requests, and will serve them on or before August 31, 2018.

The parties agree that the deadline to amend the pleadings will be October 1, 2018.

### H.     DISCOVERY PLAN

Fact Written Discovery Deadline: 8 months from now (March 27, 2019)

Oral Discovery Deadline: 9 months from now (April 27, 2019)

Initial Expert Disclosure: 11 months from now (June 27, 2019)

Rebuttal Expert Disclosure: 12 months from now (July 27, 2019)

Expert Discovery Cut-off: 13 months from now (August 27, 2019)

Motion for Class Certification Deadline: September 27, 2019

Dispositive Motions Deadline: October 27, 2019

### J.     DISPOSITIVE MOTIONS

Plaintiffs anticipate filing a Motion for Summary Judgment.

### K.     ALTERNATIVE   DISPUTE   RESOLUTION   ("ADR")   PROCEDURE SELECTION

In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4. ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

### L.     SETTLEMENT EFFORTS

The parties believe that settlement discussions are premature at this time, as discovery has yet to occur.

### M.     PRELIMINARY TRIAL ESTIMATE

**Plaintiffs:** Plaintiffs estimate that the trial of this case would last 5-7 days.

**Defendant:** Defendant estimates that, if the matter proceeds with respect to both a damages class and an injunctive relief class, the trial would last 2-3 weeks.

1   **N.**     **TRIAL COUNSEL**

2         **For Plaintiffs:**     Joseph R. Manning, Jr., Michael J. Manning, Thomas A.

3 Zimmerman, Jr.

4         **For Defendant:**  Gregory F. Hurley, Bradley J. Leimkuhler.

5   **O.**     **INDEPENDENT EXPERT OR MASTER**

6         The parties do not anticipate needing an independent expert or master at this

7 time.

8   **P.**     **OTHER ISSUES**

9         None.

10 ///

11                         Plaintiffs PATRICIA FILARDI, JAMES

12                         RUTHERFORD, individually and on behalf

13                         of all others similarly situated,

14                         By:  /s/ Joseph R. Manning, Jr.

15                         Joseph R. Manning, Jr. (State Bar No. 223381)

16                         Michael J. Manning (State Bar No. 286879)

17                         MANNING LAW, APC

                          4667 MacArthur Blvd., Suite 150

18                         Newport Beach, CA 92660

19                         Office: (949) 200-8755

                          ADAPracticeGroup@manninglawoffice.com

20

21                         Marc E. Dann (admitted *pro hac vice*)

                          Emily White (admitted *pro hac vice*)

22                         The Dann Law Firm Co., LPA

                          P.O. Box 6031040

23                         Cleveland, OH 44103

24                         Office: (216)-373-0539

25

26                         Thomas A. Zimmerman, Jr., (admitted *pro hac vice*)

                          Sharon A. Harris (admitted *pro hac vice*)

27

28

Zimmerman Law Offices, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602
Office: (312) 440-0020

Attorneys for Plaintiffs

By: _/s/ Gregory F. Hurley_____

Gregory F. Hurley (State Bar No. 126791)
Bradley J. Leimkuhler (State Bar No. 261024)
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
Office: (714) 513-5100

Attorneys for Defendant The Resort at Pelican Hill, LLC

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 2, 2018 **MANNING LAW, APC**


By: /s/ *Joseph R. Manning Jr., Esq.*
      Joseph R. Manning Jr., Esq.